IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WANDA VILLARS                                                                                           PLAINTIFF

vs.                                        Civil No. 6:08-cv-06023

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Wanda Villars ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability application on September 8, 2005.  (Tr. 10, 75-77).  Plaintiff alleged she was disabled due to a hematoma on her leg, back problems, and hypertension.  (Tr. 114). Plaintiff alleged an onset date of June 28, 2000.  (Tr. 115).  This application was initially denied on October 26, 2005 and was denied again on reconsideration on April 10, 2006.  (Tr. 61-65).  On April

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

18, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 33). This hearing request was granted, and a hearing on this matter was held on April 18, 2007 in Hot Springs, Arkansas. (Tr. 38-56). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had a tenth grade education. (Tr. 41).

On May 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff last met the disability insured status on March 31, 2002. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of June 28, 2000. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments:(1) a history of crush injury to the right thigh resulting in skin loss and hematoma secondary to work-related accident on June 28, 2000 (status post debridement and split thickness skin graft) without evidence of residual symptoms; (2) a history of acute and chronic cholecystitis (status-post-laparoscopic cholecystectomy in January 2001) without evidence of residual symptoms; (3) a history of hypertension (with overall adequate medical control); (4) a history of unspecified, intermittent back pain; (5) a history intermittent headache; and (6) a history of obesity. (Tr. 12, Finding 3). However, the ALJ also found Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to lift/carry and push/pull up to at least 20 pounds occasionally and 10 pounds frequently; stand and/or walk at least six hours in an eight-hour workday; sit at least two hours in an eight-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 13, Finding 5).

The ALJ then considered whether Plaintiff retained the RFC to perform her Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The ALJ found Plaintiff's PRW included work as a sewing machine operator and waitress. (Tr. 17). The ALJ then determined Plaintiff was able to perform her PRW because this did not require the performance of work related activities precluded by her RFC. (Tr. 17, Finding 6). Accordingly, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, at any time from June 28, 2000 through the date of his decision. (Tr. 18, Finding 7).

On May 29, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On February 14, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On March 12, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on March 24, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6,7). This case is now ready for decision.

3

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings this appeal claiming the following: (A) the ALJ erred when he found Plaintiff's could perform light duty work and (B) the ALJ erred when he found Plaintiff's subjective complaints were not credible. (Doc. No. 6, Pages 3-8). In response, Defendant argues that the ALJ properly assessed her RFC and properly assessed Plaintiff's subjective complaints. (Doc. No. 8, Pages 5-17). This Court will address both of these arguments.

### A. RFC Determination

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 6, Pages 3-7). In response, Defendant argues that Plaintiff's medical records, including those from Plaintiff's treating physicians, provide substantial support for the ALJ's RFC

determination.  (Doc. No. 8, Pages 6-13).

To be entitled to a period of disability and DIB  Plaintiff must be both disabled and insured. *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.131.  Plaintiff must establish her disability began before the expiration of her date last insured, which the ALJ found to be March 31, 2002.  (Tr. 12).  Neither party has disputed this finding.  As a result, the relevant time period is from Plaintiff's alleged onset date of June 28, 2000 through March 31, 2002.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination.  Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff alleged a disability due to hematoma on her leg. (Tr. 114). On June 23, 2000 Plaintiff injured her right thigh which resulted in skin loss. (Tr. 126, 158, 163). On August 18, 2000 Plaintiff underwent debridement and split thickness skin grafting as a result of this injury. (Tr. 309-311). From May 16, 2000 through the date last insured, Plaintiff was seen at Mercy Medical Clinic on 24 occasions. On each of these exams, Plaintiff's gait was within normal limits and there was no treatment due to this injury, other than the August 18, 2000 procedure. (Tr. 220-252). The ALJ found, that following the debridement and skin graft procedure on August 18, 2000, there was no indication Plaintiff required any additional medical treatment for her right thigh injury prior to the expiration of her insured status on March 31, 2002. (Tr. 16).

The Plaintiff also alleged a disability due to back pain. (Tr. 114). However, a review of Plaintiff's medical records regarding back complaints does not support a claim of total disability. On December 25, 2000, Plaintiff was examined at the HSC Medical Center for complainants of back pain for the past month. (Tr. 305). Plaintiff denied any known injury. (Tr. 305). Plaintiff was prescribed medication and was released to return home. (Tr. 305). On January 9, 2001, Plaintiff returned to HSC Medical Center complaining of back pain and nausea for the past three weeks. Plaintiff stated he ran out of pain medicine three days before this medical visit. (Tr. 304).

On February 2, 2001, Plaintiff was examined at Mercy Medical Clinic ("MMC"). (Tr. 248). Plaintiff's exam of her back showed no spinous process tenderness, no paraspinous muscle spasm, no point tenderness on palpation of the ribs, no pain with rocking motion of the pelvis, and good range of motion in the hip joint. (Tr. 248). Plaintiff returned to MMC on March 5, 2001 with complainants of occasional back pain. (Tr. 245). Plaintiff was given medication and diagnosed with

a back ache. (Tr. 245).

On September 7, 2001 Plaintiff returned to MMC with back pain. (Tr. 236). The physical examination did not indicate any abnormalities with Plaintiff. (Tr. 236). Plaintiff was seen again at MMC on December 14, 2001. (Tr. 227). The musculoskeletal and neurological exams showed no abnormalities. (Tr. 227).

On June 13, 2000, Plaintiff was examined at MMC and was diagnosed with hypertension. (Tr. 252). Plaintiff was placed on medication for this condition. (Tr. 252). On January 23, 2002, Plaintiff was examined at MMC and was diagnosed with hypertension that was under control. (Tr. 224). If an impairment can be controlled by medication or treatment, it cannot be considered disabling. *See Brown v. Barnhart*, 390 F. 3d 535, 540 (8th Cir. 2004).

Plaintiff underwent a functional capacity assessment on April 2, 2001, by Dr. Alice Davidson, a State Agency physician. The findings of this assessment support the ALJ's RFC determination. (Tr. 13, 376-383). Dr. Davidson indicated Plaintiff retained the ability to lift/carry up to 50 pounds occasionally and 25 pounds frequently; stand and/or walk up to six hours in an eight-hour workday; sit up to six hours in an eight-hour workday; and occasionally stoop and crouch. (Tr. 377-378). This assessment found greater abilities of Plaintiff than the ALJ's RFC assessment. As a result, this assessment supports the finding that Plaintiff can at least perform light work activity.

The ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to lift/carry and push/pull up to at least 20 pounds occasionally and 10 pounds frequently; stand and/or walk at least six hours in an eight-hour workday; sit at least two hours in an eight-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 13, Finding 5). This finding is supported by substantial evidence.

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### B. Credibility Determination

Plaintiff claims the ALJ erred in assessing her subjective complaints. (Doc. No. 6, Pages 7-9). In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly evaluated and discounted Plaintiff's subjective complaints pursuant to the requirements of *Polaski*. The ALJ outlined each factor to be considered in the *Polaski* analysis along with consideration of the objective medical evidence. (Tr. 14). The ALJ provided a through analysis of many of the factors. (Tr. 14-17). In evaluating Plaintiff's credibility, he noted the following inconsistencies in the record: (1) lack of objective medical evidence in support of Plaintiff's subjective complaints of pain; (2) no treating physician placed any limitations on Plaintiff's activities; (3) Plaintiff's conditions were treated conservatively with medication management, (4) Plaintiff had no ongoing or follow up medical care for her right thigh injury, and (5) no indication Plaintiff sought any assistive device for ambulation for a right thigh injury. (Tr. 14-17).

These findings are sufficient to satisfy the requirements of *Polaski*. *See Cox,* 471 F.3d at 907 (deferring to the ALJ's credibility determination because it was "supported by good reasons and substantial evidence"). Accordingly, the ALJ did not err in discounting Plaintiff's subjective

complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of March, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE